# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SAM GROH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-CV-40-W-DGK |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## ORDER REMANDING CASE

This case concerns allegations of false credit reporting. Plaintiff Sam Groh ("Groh") sued J.P. Morgan Chase National Corporation Service, Inc. ("Chase Corporation Service") in Missouri state court. After the state court substituted Defendant JPMorgan Chase Bank, N.A. ("Chase Bank") as the defendant in that case, Chase Bank removed to this Court.

Pending before the Court is Groh's Motion to Remand (Doc. 5).[1] Because Chase Bank did not remove this case within the time limits set by 28 U.S.C. § 1446(b)(1), the Court GRANTS the motion and REMANDS the case to the Circuit Court of Jackson County.

**Procedural Background**

On June 24, 2013, Groh filed an eight-count petition on June 24, 2013 in the Circuit Court of Jackson County, Missouri against Chase Corporation Service alleging that it failed to reduce his monthly payments on his home loan as required by the parties' loan workout plan.[2] Further, Groh alleged that Chase Corporation Service falsely reported delinquent payments by

---

[1] In his motion Groh requested oral argument pursuant to Local Rule 7.0(g). Because the facts and legal contentions are adequately presented in the record, the Court denies Groh's request. *See* Fed. R. Civ. P. 78.

[2] The parties agree that Chase Corporation Service is actually a non-existent entity; the correct name is J.P. Morgan Chase National Corporate Services, Inc. However, Chase Bank does not oppose Groh's motion on this basis.

Groh to various credit reporting agencies. Groh served process on Chase Corporation Service on July 8, 2013.

Initially, Chase Corporation Service vigorously contested these allegations. It moved for dismissal, participated in discovery and a case management conference, and agreed to a trial date. It engaged in settlement negotiations, representing that it had the power resolve the lawsuit by paying Groh money and removing his delinquency report.

On December 3, 2013, the attorney for Chase Corporation Service notified Groh that he had "sued the wrong entity" (Doc. 6, Ex. G). Chase Corporation Service stated that Chase Bank, a distinct entity, was the proper defendant and stressed that Chase Bank had not yet been served.

Groh moved the state court to amend his petition to change the defendant from Chase Corporation Service to Chase Bank. Chase Corporation Service opposed the motion generally, but agreed that Chase Bank was the appropriate defendant and that Chase Corporation Service should be dismissed. On January 10, 2014, while the motion to dismiss was still pending, the state court granted Groh's motion (the "State Court Order") (Doc. 6, Ex. L). The State Court Order provided in pertinent part:

> . . . [T]he Court being fully advised in the premises orders as follows:
> IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Petition to Change the Name of the Defendant is GRANTED. Plaintiff's Amended Petition changing the name of the Defendant from J.P. Morgan Chase [N]ational Corporation Service, Inc. to JPMorgan Chase Bank, N.A. is deemed timely filed.
> IT IS FURTHER ORDERED that a hearing on Defendant's Motion to Dismiss is scheduled for January 22, 2014 at 1:30 p.m. in Division 12.
> IT IS SO ORDERED.

Four days after the State Court Order, Chase Bank (represented by the same attorneys as Chase Corporation Service) removed to this Court (Doc. 1), alleging federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a). Groh then filed the instant Motion to Remand (Doc. 5).

**Standard**

The statute governing removal provides that an action may be removed by a defendant to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). However, there are time limits on how long a defendant may wait before removing the case. 28 U.S.C. § 1446(b)(1) provides: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." If the defendant did not timely remove the case, then the district court must remand the case to the state court from which it was removed. *Id.* § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). When ruling upon a motion to remand, the Court resolves all doubts in favor of remand. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

**Discussion**

**I. Because the State Court Order substituted and did not add parties, process was served on Chase Bank and the Court remands.**

Groh contends that removal was untimely because Chase Bank did not do so within thirty days of being served. Because Chase Bank has never been served in its own name and Chase Corporation Service was served several months before removal, the dispositive issue is whether the State Court Order required new process to be served on Chase Bank, or held Chase Bank to the process served on Chase Corporation Service.

**A. The State Court Order substituted Chase Bank as a defendant.**

At the outset, the Court notes that it must examine the State Court Order because after removal, all "orders[] and other proceedings had in such action prior to its removal shall remain

3

in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. In essence, the federal court "takes the case up where the State court left it off" and does "not vacate what had been done in the State court previous to the removal." *Duncan v. Gegan*, 101 U.S. 810, 812 (1879). Accordingly, the State Court Order is the law of the case until modified by this Court.

The primary issue here is how the State Court Order affected service of process. Groh asserts that the State Court Order simply substituted Chase Bank for Chase Corporation Service, so the July 2013 service on the latter is effective for the former, and the case was untimely removed in January 2014. Chase Bank counters that it is a completely new party to this action, and because Groh never separately served it, the case was timely removed. Thus, the Court must determine whether the state court substituted Chase Bank for Chase Corporation Service or added Chase Bank as a new defendant.

Substituting the party is appropriate to correct a misnomer, which is a "misdescription or a mistake in some aspect of a party's name." *Johnson v. Delmar Gardens W., Inc.*, 335 S.W.3d 83, 87 (Mo. Ct. App. 2011). In a misnomer situation, the plaintiff served the right party but used the wrong name. *Id.* The effect of a misnomer is that service on the original defendant is deemed proper. *Moon v. Tower Grove Bank & Trust Co.*, 658 S.W.2d 57, 59 (Mo. Ct. App. 1983); *see Sommervold v. Wal-Mart, Inc.*, 709 F.3d 1234, 1236 (8th Cir. 2013) (using state law to determine whether service prior to removal was proper).

Adding a new party, on the other hand, is appropriate when the plaintiff has "made a mistake in selecting the proper party to sue, [and] brought an action against the wrong party." *Windscheffel v. Benoit*, 646 S.W.2d 354, 357 (Mo. 1983). When a plaintiff adds an entirely new

4

party to the action, it must serve process on that new party. *Elrod v. Lafayette Elevator Co.*, 379 S.W.2d 852, 855 (Mo. Ct. App. 1964).

Here, the State Court Order corrected a misnomer and thus merely substituted the parties. The fundamental basis for Groh's successful motion was substitution, not addition. The State Court Order deemed timely filed the "Amended Petition *changing* the name of the Defendant from J.P. Morgan Chase [N]ational Corporation Service, Inc. to JPMorgan Chase Bank, N.A." (emphasis added). The motion it granted was a "Motion to Amend Petition to *Change* the Name of the Defendant" (emphasis added).

Most significantly, the effect of the State Court Order reveals that it substituted parties. The State Court Order ordered a hearing for thirteen days later on the outstanding motion to dismiss. If it had dismissed Chase Corporation Service and added Chase Bank as a new party, then the state court would have had to deny the motion to dismiss as moot. Instead, it held Chase Bank to the motion and briefing that had been previously filed by Chase Corporation Service.

In light of this interpretation, the Court finds that the State Court Order corrected a misnomer, and thus service on Chase Corporation Service is effective for Chase Bank. *See Moon*, 658 S.W.2d at 59.

### B. The Court declines to readjudicate the State Court Order.

Chase Bank resists this conclusion by emphasizing how Chase Corporation Service and Chase Bank are, in fact, separate entities. Essentially, Chase Bank wants this Court to disregard the State Court Order and religitate Groh's settled motion to substitute defendants. The Court declines this invitation.

State court orders issued before removal are binding until modified by the federal district court. 28 U.S.C. § 1450. Under federal law-of-the-case doctrine, a party may not relitigate a

5

previous holding within the same pending case that involves the same issues and facts. *Arizona v. California*, 460 U.S. 605, 618 (1983). The doctrine is not absolute, and a subsequent court may disregard the law of the case "only if substantially different evidence is subsequently introduced or the decision is clearly erroneous and works manifest injustice." *Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986).

Here, the State Court Order has established that Chase Bank is in effect Chase Corporation Service by a different name. The Court refuses to exercise any discretion to reopen the state court's previous holding for two reasons. First, Chase Bank has not introduced substantially different evidence that removes the instant motion from the law-of-the-case doctrine's purview. Second, it has not demonstrated that the State Court Order is clearly erroneous or that it works a manifest injustice. Because Chase Bank has not carried its burden, the Court will respect the law of the case and leave intact the State Court Order.

### C. Chase Bank was served more than thirty days before it removed this case.

The State Court Order did not require new service, so service on Chase Corporation Service is effective for Chase Bank. *See Moon*, 658 S.W.2d at 59. Because Groh served process on Chase Corporation Service on July 8, 2013, Chase Bank was well past the thirty-day time limit for removal when it removed this case on January 14, 2014. *See* 28 U.S.C. § 1446(b)(1).[3]

In sum, Chase Bank has not carried its burden of showing that it timely removed the case. *See Altimore*, 420 F.3d at 768; *Junk*, 628 F.3d at 446 (admonishing district courts to exercise doubts in favor of remand). Accordingly, the Court remands this case to the Circuit Court of Jackson County, Missouri. *See* 28 U.S.C. § 1447(c).

---

[3] Any objections to the propriety of that service expired at the latest on September 26, 2013, when Chase Corporation Service filed its motion to dismiss. *See* Mo. R. Civ. P. 55.27(g)(1).

## II. The Court declines to award attorneys' fees.

Turning to Groh's request for attorneys' fees, 28 U.S.C. § 1447(c) provides that if a case is remanded to state court, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The objective of this provision is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," not to discourage defendants from seeking removal in all but the most obvious cases. *Id.* at 140.

In the present case Chase Bank's claim for removal is not so weak that it is unreasonable. Nor is the Court certain that Chase Corporation Service and Chase Bank acted solely to prolong litigation and impose costs on Groh. The Court accordingly denies Groh's request for attorneys' fees.

## Conclusion

The Court finds that Defendant Chase Bank did not timely remove this case. Thus, Groh's motion to remand (Doc. 5) is GRANTED and the case is REMANDED to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date: April 29, 2014  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT